**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| ADVANCED SIMULATION TECHNOLOGY INC., | |
| Plaintiff, | Case No. 23-2201C |
| v. | Judge Silfen |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Hamish P.M. Hume (Counsel of Record)
Samuel C. Kaplan
Gina A. Rossman
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
(202) 237-2727 (t)
(202) 237-6131 (f)
hhume@bsfllp.com
skaplan@bsfllp.com
grossman@bsfllp.com

*Counsel for Plaintiff Advanced Simulation Technology inc.*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

STANDARD....................................................................................................................... 2

ARGUMENT ..................................................................................................................... 2

    A.    The Court's Opinion Incorrectly Relies on a Government Declaration and Otherwise Relies on Reasoning That is Inconsistent With the Standard that Governs Motions to Dismiss.................................................................................. 2

        1.    The Government Incorrectly Relies on a Declaration That Is Outside the Complaint and Submitted For the First Time On Reply............................. 2

        2.    The Court's Opinion Fails to Afford the Presumption of Truth to ASTi's Allegations and Incorrectly Credits Conclusory Government Assertions.. 7

        3.    The Court's Opinion Fails to Afford ASTi the Benefit of All Reasonable Inferences ................................................................................................ 10

CONCLUSION................................................................................................................. 12

# TABLE OF AUTHORITIES

<u>Cases</u>

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
    988 F.2d 1157 (Fed. Cir. 1993)............................................................................ 3, 5

*Biery v. United States*,
    818 F.3d 704 (Fed. Cir. 2016)................................................................................. 2

*Brooks Range Cont. Servs., Inc. v. United States*,
    101 Fed. Cl. 699 (2011) ......................................................................................... 5

*Cedars-Sinai Med. Ctr. v. Watkins*,
    11 F.3d 1573 (Fed. Cir. 1993)............................................................................. 3, 5

*DeMarco Durzo Dev. Co. v. United States*,
    73 Fed. Cl. 731 (2006) ........................................................................................... 2

*Hydraulics International, Inc. v. United States*,
    161 Fed. Cl. 167 (2022) ....................................................................................... 11

*Novosteel SA v. U.S., Bethlehem Steel Corp.*,
    284 F.3d 1261 (Fed. Cir. 2002)............................................................................. 5

*Palantir Techs. Inc. v. United States*,
    128 Fed. Cl. 21 (2016) ......................................................................................... 12

*Palantir USG, Inc. v. United States*,
    904 F.3d 980 (Fed. Cir. 2018)............................................................................... 9

*Percipient.ai, Inc. v. United States, CACI, Inc.-Fed.*,
    104 F.4th 839 (Fed. Cir. 2024) ............................................................................. 6

*United States v. Ford Motor Co.*,
    463 F.3d 1267 (Fed. Cir. 2006)............................................................................. 5

*VFA, Inc. v. United States*,
    118 Fed. Cl. 735, (2014) ............................................................................... 4, 5, 7

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Rule 59(a) of the Rules of the United States Court of Federal Claims (RCFC), Plaintiff Advanced Simulation Technology, Inc. ("ASTi") respectfully requests that the Court reconsider its opinion dated August 9, 2024 (ECF No. 52), which granted the Government's motion to dismiss the bid protest complaint filed by ASTi.

## INTRODUCTION

This Court's August 9, 2024 Opinion dismissed ASTi's protest, finding that it did not have subject matter jurisdiction over ASTi's challenge to the Naval Air Warfare Center Training Systems Division ("NAWCTSD")'s development of a military training and simulation system known as DRMS-NG, which stands for Digital Radio Management System-Next Generation. The Court's opinion recognizes that, under certain circumstances, a private party can protest the Government's decision to develop its own product. Op. 9. However, the Court ultimately found that the alleged procurement in this instance was "simply too speculative to fall within the court's jurisdiction" because the Government was merely "working on software that it developed long ago and has not issued any solicitations or requests for information (other than the since-canceled Bowhead contract)." *Id.*

ASTi respectfully seeks reconsideration of this decision because its underlying reasoning disregards the Complaint's allegations and the standard that applies at the motion to dismiss stage. This includes reliance on a declaration that the Government improperly submitted with its reply brief and various other Government assertions. ASTi requests that the Court either deny the Government's motion to dismiss and require production of an administrative record, or at a

minimum, permit limited discovery into the factual allegations that the Government advanced for the first time in their reply brief and that the Court relied on in its Opinion.[1]

## STANDARD

RCFC 59(a) authorizes this Court to reconsider its prior rulings. The decision to grant a motion for reconsideration rests entirely within the Court's discretion. *DeMarco Durzo Dev. Co. v. United States*, 73 Fed. Cl. 731, 734 (2006). The Court may grant a motion for reconsideration if the moving party establishes a clear error of law or fact in the underlying decision. *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016). As explained herein, the Court's Opinion contains clear errors of law and fact as they relate to the standard applied to the Government's motion to dismiss and this Court's jurisdiction.

## ARGUMENT

A.   **The Court's Opinion Incorrectly Relies on a Government Declaration and Otherwise Relies on Reasoning That is Inconsistent With the Standard that Governs Motions to Dismiss**

1.   **The Government Incorrectly Relies on a Declaration That Is Outside the Complaint and Submitted For the First Time On Reply**

In concluding that the decision to develop DRMS-NG is not in connection with a procurement or proposed procurement, the Court incorrectly relies on a Government declaration that contradicts the Complaint and that the Government submitted for the first time on reply. That declaration stated in pertinent part:

> The term "DRMS-NG" is a buzzword used in several presentations made in 2023 to characterize the continued improvements and upgrades to the core components that comprise the DRMS. The improvements and upgrades NAWCTSD intended on making in 2023 were not categorically different, or different in kind, from the

---

[1] Plaintiff notes that the Court's order refers to 10 U.S.C. § 3453 as "CICA" at pages 9 and 15 of the Opinion. While Plaintiff obviously does not view this reference as outcome-determinative or as the basis for its motion, section 3453 is a provision of FASA, not CICA (as the Court's Opinion recognizes at page 5).

various updates and improvements NAWCTSD has made over the more than 20 years since DRMS was first developed.

Davila Decl. ¶ 7, ECF No. 48-1.

The Court's Opinion cites this paragraph in several places.  First, in the background section, the Court states that DRMS-NG is merely "an iterative improvement on DRMS" that the Government has been maintaining and upgrading for 20 years.  Op. 2 (citing Davila Decl. ¶ 7).  Second, in its legal discussion, the Court describes ASTi's challenged action as "the government's decision to internally develop DRMS more than 20 years ago" and "iteratively improve it with DRMS-NG."  *Id.* at 7; *see also id.* at 15 ("Furthermore, as the government made clear, it has continuously updated and developed DRMS in the decades since creating it.").

Under the standard that governs motions to dismiss, it was clear error for the Court to rely on a Government declaration submitted for the first time on reply. The Government brought its motion to dismiss as a facial challenge to ASTi's complaint.  If a Rule 12(b)(1) motion "challenges the court's subject matter jurisdiction based on the sufficiency of the pleading's allegations—that is, the movant presents a 'facial' attack on the pleading—then those allegations are taken as true and construed in a light most favorable to the complainant." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993).  The same is true on a Rule 12(b)(6) motion.  *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1161 (Fed. Cir. 1993) ("Disputed issues are construed favorably to the complainant, and all reasonable inferences are drawn in favor of the complainant." (citation omitted)).

Reliance on the declaration was procedurally improper for two reasons.  First, the Court is not allowed to rely on the declaration to contradict the Complaint's allegations.  The Complaint alleges that far from being a "buzzword" or an "iterative improvement," DRMS-NG involved "new development" prompted by substantial inadequacies in the legacy DRMS system,

3

including "exorbitant costs, prolonged adoption timelines, inefficiencies, poor performance, and lack of lifecycle report." Compl. ¶¶ 11-13, ECF No. 21.[2]  The Complaint also detailed specific requirements of DRMS-NG that can be met by ASTi's products.  *Id.* at ¶¶ 71-78.

ASTi's counsel further elaborated on one of the requirements at oral argument, explaining that a "fundamental difference" between ASTi's product and what NAWCTSD is now trying to accomplish is the "ability to remotely configure" legacy DRMS so that "training exercises can be centrally located." Hr. Tr. 50:1-10.  NAWCTSD is developing the new DRMS-NG system to enable that "sort of centralized coordination." *Id.* at 50:10-12.  DRMS-NG was thus a "massive iteration," not mere iterative development.  *Id.* at 51:1-2.

Relatedly, the Court should not have considered new evidence submitted by the Government in its reply brief without, at a minimum, apprising ASTi of its intent to do so and giving ASTi the opportunity to brief the issue in response.  In its opening, the Government pointed to the original development of DRMS to argue that its further development was not an acquisition and thus not a procurement.  ECF No. 46 at 11.  But as ASTi demonstrated in its response (ECF No. 47 at 29), it challenged the Government's ongoing efforts to develop *a new system*—a categorically different decision than the one at issue in *VFA, Inc. v. United States*, 118 Fed. Cl. 735, (2014), where the protestor was challenging the Government's use of a product that it already owned.  Only in reply did the Government elect to claim, citing a new declaration, that

---

[2] NAWCTSD's public statements in 2024 contradict the assertions in its declaration that DRMS-NG is a mere "buzzword."  It has explained instead that there are sharp and important differences between its plans for DRMS-NG and what NAWCTSD itself has referred to as "legacy DRMS." Ex. A.  In an agency white paper, NAWCTSD acknowledges that "Legacy DRMS was developed to reside on local area networks," so it "faces practical challenges associated with maintaining a growing enterprise and with dynamically deploying system components." *Id.* at 2. "Future work on DRMS Next-Gen" is therefore necessary to solve rapid deployment and configuration management issues. *Id.* at 4.

DRMS-*NG* "already existed" and was merely a "term used in industry presentations." ECF No. 48 at 4.

Counsel for ASTi specifically stated at the hearing that the Government's declaration was not "procedurally proper at this stage," and the Court gave no indication that it viewed it as proper to rely on it.  Hr. Tr. 42:18-20.  "It is unfair to consider an argument to which [a party] has been given no opportunity to respond." *United States v. Ford Motor Co.*, 463 F.3d 1267, 1277 (Fed. Cir. 2006).  In addition, parties must "give a trial court a fair opportunity to rule on an issue other than by raising that issue for the first time in a reply brief."  *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (treating argument raised for the first time in a reply brief as waived); *see also Brooks Range Cont. Servs., Inc. v. United States*, 101 Fed. Cl. 699, 709 (2011) (same).

At the very least, if the Government's reply declaration were to be relied on, ASTi should have had the opportunity to conduct discovery into the assertions made in the declaration. *See Cedars-Sinai Med. Ctr.*, 11 F.3d at 1584 (stating that disputed jurisdictional facts were "subject to fact-finding by the district court" on Rule 12(b)(1) factual challenge); *Advanced Cardiovascular Sys., Inc.*, 988 F.2d at 1164 (stating that Rule 12(b)(6) motion must be treated as a summary judgment motion if the movant presents the court with materials outside the allegations of the complaint).

The court's decision in *VFA* is instructive. As an initial matter, that case was decided after production of an administrative record.  118 Fed. Cl. at 736.  Further, in briefing on the administrative record, the Government submitted a declaration with its reply brief concerning the Department of Defense's "ownership and development" of the disputed software product. *Id.* at 739.  As a result, "the Court deemed it appropriate to grant VFA limited discovery." *Id.*  The plaintiff therefore had an opportunity for document production and a deposition of the declarant

on the software's development. *Id.*  Only upon "close examination of the declaration, the deposition, and the additional documents" did the Court find that the Department of Defense "owns" the technology in dispute. *Id.*

Here, by contrast, the Court reached its conclusion without production of the administrative record based on a declaration that the Government submitted in reply with no opportunity for discovery. The Court did so even though the question of whether the Government has made a "concrete decision to develop a new system" is a "merits question"— one that is not suited for resolution at this stage of the proceeding. *See* Hr. Tr. at 47:16-24 (counsel for ASTi responding to Court's question on where to draw the line between lawful and unlawful development).

As this Court acknowledged, "At some point, a government decision to develop a product can amount to having determined a need under *Distributed Solutions*, and then the government needs to look at possible outside suppliers." Op. 9.  NAWCTSD has reached that point here, where it has determined that (1) legacy DRMS is obsolete and thus cannot serve as the in-house alternative for simulated military training technology, and (2) new development of DRMS-NG is required to support modern, centrally-configured training exercises.  Therefore, the Government's decision is "in connection with" a procurement or proposed procurement, giving the Court jurisdiction over ASTi's protest.  *See Percipient.ai, Inc. v. United States, CACI, Inc.-Fed.*, 104 F.4th 839, 852 (Fed. Cir. 2024) (analyzing the definition of "in connection with a procurement or proposed procurement" within "the context of § 3453").  This question should not be resolved without the production of an administrative record or at a minimum, limited discovery into and an opportunity to respond to the allegations that the Government made.

2.    **The Court's Opinion Fails to Afford the Presumption of Truth to ASTi's Allegations and Incorrectly Credits Conclusory Government Assertions**

The Court's Opinion also more broadly assumes that ASTi is merely challenging incremental development that is "amorphous" and not readily subject to the production of an administrative record. That is not the case. Instead, the Complaint alleges that the Government made a concrete decision to develop a new version of DRMS to remedy substantial defects in the old system and furthered by the acquisition of goods and services from third parties. Compl. ¶¶ 11-13.

This premise underlies the Court's Opinion in several places. First, the Court heavily relies on *VFA,* which as the Court correctly states, involved a "protest of the Defense Department's decision to use internally developed building management software across the military." Op. 7. *VFA*, however, would only have relevance if ASTi were challenging a decision to use or make minor changes to an already developed government product. As discussed, the Complaint says otherwise, and so *VFA* cannot be viewed as instructive if the Complaint's allegations are credited as must be the case in a motion to dismiss.

Second, the Court states: "When an agency has internally developed software that meets its needs and is looking for hardware components that would work with that software, it does not make sense that this court would require the agency to resolicit the entire project to meet the 'needs of the agency.' Instead, the agency's only needs in that circumstance would be the hardware components it is seeking." Op. 9 (citation omitted). This statement again assumes that the Government has already developed the product that is the subject of ASTi's challenge and that ASTi is asking the Court to prevent use of an already developed product. That is not the case. ASTi does not challenge the decision to develop legacy DRMS or to acquire compatible hardware for a platform that already exists and just needs replacement parts. It challenges the

Government's development of a *new* version of DRMS designed to remedy substantial defects in the old system without appropriate consideration of commercial products that already meet the requirements the Government is trying to satisfy.

The Court's Opinion also appears to assume that ASTi's Voisus product line is comprised of only software and that the hardware that the Government seeks is a commercial product that is readily available in the marketplace. It uses the example of the "Virtual Tactical Bridge" ("VTB") which the Court refers to as a "*commercial product* that was part of the Bowhead contract." Op. 9 (emphasis added). The record shows, however, that the VTB is not a commercial product. *See* ECF No. 22-4 at 23. Rather, the VTB is a custom-made piece of hardware requiring acquisition and assembly according to plans prescribed by the Government. *See id.* (describing "DRMS System Specifications" and stating that the "VTB24" and "VTBe" "shall be assembled" "IAW" ("in accordance with") "GFI" ("Government-Furnished Information")). Moreover, ASTi's commercial solution is not just software. It is instead a finished product line that is a combination of hardware and software. The Government's acquisition of hardware such as VTB is thus not mere support for a finished product. It is in fact furthering the Government's efforts to develop a solution without first determining whether finished products already exist in the commercial marketplace that can meet its needs.

Third, the Court relies on the Government's conclusory assertions that "there are practical problems with the court reviewing a set of government actions as amorphous as continuing to develop software that it first developed decades ago. It is not clear what an administrative record would look like, *when it covers that time span*, an indeterminate set of decisionmakers, and a set of decisions whose boundaries are difficult or impossible to delineate." Op. 8 (emphasis added). Again, however, the Complaint does not seek review of decades of Government actions. It seeks review of a concrete decision to develop DRMS-*NG* using a

combination of internal development and outside contractors to meet specific requirements.  It contradicts the Complaint's allegations to view a concrete decision to develop a new system as indistinguishable from decades of iterative development.  Nor should the Court credit the Government's self-serving unsworn assertions that it would be difficult to compile an administrative record in determining at the motion to dismiss stage whether the challenged actions are in connection with a procurement.

Finally, the Court's assumption that ASTi is effectively challenging a finished system incorrectly led the Court to disregard the Federal Circuit's decision in *Palantir USG, Inc. v. United States*, 904 F.3d 980 (Fed. Cir. 2018) .  *Palantir* shows that the mere fact that the Government has developed a prior version of a system does not give the Government carte blanche to continue to develop new versions of that system ad infinitum.  The solicitation in that case was for DCGS-A2, the second incarnation of an intelligence gathering system that (as the Complaint alleges with respect to legacy DRMS) was plagued with substantial defects. *Id.* at 985 (distinguishing between the "original DCGS-A Increment 1" and DCGS-A2).

While *Palantir* involved a traditional solicitation, ASTi does not understand the Court to hold that the Government may avoid a section 3453 challenge by making a decision to develop a new system and then choosing to implement it in secret through less transparent procurement vehicles via a combination of internal development and parceling out portions of the procurement to multiple outside contractors.  Nor does ASTi understand the Court to hold that past unchallenged illegal development can immunize future illegal development.  As stated at oral argument, there would be no question that the development was in connection with a procurement if the Government had done part of what it was supposed to do by making an inadequate (but formal) determination of non-commercial item as the Government (belatedly) did in *Palantir*.  Hr. Tr. 50:20-51:6; *see Palantir*, 904 F.3d at 995 (affirming trial court's

9

rejection of Army's determination of non-commercial item). The Government should not be able to benefit from the fact that it did *none* of what it was supposed to do by failing to issue even the inadequate determination of non-commercial item that the Government promulgated in *Palantir*.

### 3. The Court's Opinion Fails to Afford ASTi the Benefit of All Reasonable Inferences

The Court's reasoning also fails to afford ASTi the benefit of all reasonable inferences as is required at the motion to dismiss stage. To demonstrate that we are in the midst of a procurement that includes the procurement of goods and services from outside contractors, ASTi pointed to a specific contract that the Government entered into with Bowhead and a job announcement demonstrating that outside contractor Huntington Ingalls Industries, Inc., was providing development services to the Government. Compl. ¶¶ 18-21.

For the former, the Court relied on the fact that the Bowhead contract had been canceled, stating that any challenge based on the likelihood of to a future such contract was insufficiently ripe. Op. 10-14. It further dismissed ASTi's concern as to the risk that the Government would later seek to procure these goods in a non-transparent way that would harm ASTi. *Id.* at 13. This failed to afford ASTi the benefit of all reasonable inferences, particularly in light of the record in this case. There is no suggestion that the Government no longer has a need for DRMS-NG generally. Nor is there a suggestion that the Government can satisfy the needs of DRMS-NG without acquiring, for example, the VTBes that were the subject of Bowhead procurement. Nor did the Government provide any plausible account for how it would acquire these goods outside of a procurement. It therefore is reasonable to infer that the Government will need to acquire these goods and thus that the challenged decision to develop DRMS-NG without first looking at commercial products remains likely and imminent.

10

Further and while not necessary to show given the foregoing, it also is reasonable to infer that the Government will seek to procure these goods in a non-transparent manner and that doing so will prejudice ASTi.  That is because the Government already did so, and then argued successfully that it should be able to complete deliveries that were too far along to cancel. *See, e.g.*, ECF No. 37 at 5-7 (Government arguing in joint status report that it be allowed to receive items in contractor's warehouse to prevent "undue waste").

The Court's failure to afford ASTi the benefit of all reasonable inferences is also reflected in its discussion of *Hydraulics International, Inc. v. United States*, 161 Fed. Cl. 167 (2022).  Op. 13-14. ASTi cited that case as an example of where the court found a challenge ripe even where (unlike here) it was entirely uncertain whether the Army would seek to procure the goods in question because of the Army's earlier solicitation of a white paper.  The Court distinguished *Hydraulics* based on the fact that the Army did not cancel the white papers that provided the jurisdictional hook for the procurement at issue there, while the Government canceled the Bowhead contract that was at issue here.  ASTi respectfully submits that this is the wrong comparison.  While the Government canceled the Bowhead contract, it retained the same needs that it had previously and had all of the information that it gained from its contract with Bowhead.  Further, the Government's basis for canceling the Bowhead contract was not a decision to go in a different direction but was instead a belated effort to comply with what it referred to as a paper requirement.  *See* ECF No. 46 at 2 (Government claiming that "NAWCTSD did not sufficiently document commerciality determinations").  Affording ASTi the benefit of all reasonable inferences, the likelihood of future procurement is thus far more acute here than it was in *Hydraulics*.

The Court likewise failed to afford ASTi the benefit of all reasonable inferences in its discussion of Huntington Ingalls. Op. 14-16. The job announcement cited by ASTi shows that the Government has engaged Huntington Ingalls in the development of DRMS. Compl. ¶¶ 20-21. The Court found these allegations insufficient because ASTi did not know precisely what Huntington Ingalls has been asked to do or the precise procurement vehicle in which it was asked to do it. Op. 15. Further, the Court again states that the Government "has continuously updated and developed DRMS" and that notwithstanding ASTi's allegations that DRMS-NG is a "massive" improvement, ASTi "has not shown that the possible Huntington Ingalls' contractors' work on DRMS involves such a massive improvement." Op. 14-15. At the motion to dismiss stage, however, it is certainly reasonable to infer that a contractor retained to work on the development of DRMS is working on developing its latest incarnation.[3]

## CONCLUSION

For the foregoing reasons, ASTi respectfully requests that the Court reconsider its Opinion of August 9, 2024, and deny the Government's motion to dismiss pending production of an administrative record or at a minimum, limited discovery into the allegations made by the Government in its declaration first submitted on reply.

---

[3] The Court also points to the fact that ASTi did not notify Huntington Ingalls to give it the opportunity to intervene. Op. 16. But the Court's rules on notification at most prejudice the protestor's ability to seek a preliminary injunction or justify permitting Huntington Ingalls to intervene. *See Palantir Techs. Inc. v. United States*, 128 Fed. Cl. 21, 34 (2016) ("As indicated in Appendix C, failure to file the notice does not materially impact the bid protest once filed at the court."). Failing to file the notice does not justify disregarding the standard that governs motions to dismiss or a dismissal with prejudice of the entire complaint.

Dated:  September 10, 2024                    Respectfully Submitted,


By: /s/ Hamish P.M. Hume
Hamish P.M. Hume (Counsel of Record)
Samuel C. Kaplan
Gina A. Rossman
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
(202) 237-2727 (t)
(202) 237-6131 (f)
hhume@bsfllp.com
skaplan@bsfllp.com
grossman@bsfllp.com

*Counsel for Plaintiff Advanced Simulation Technology inc.*